UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DOUGLAS PAQUETTE, INC.,
Plaintiff,

v. C.A. No. 2005-198-ML

THE TJX COMPANIES, INC.,
LIZ CLAIBORNE, INC.,
PERRY ELLIS INTERNATIONAL, INC.,
STEIN MART, INC.,
AMIEE LYNN, INC.,
BLUE STAR WEBBING CORP.,
BURLINGTON COAT FACTORY WAREHOUSE OF
EAST PROVIDENCE, INC.,
BURLINGTON COAT FACTORY WAREHOUSE OF
JOHNSTON, INC.,
BURLINGTON COAT FACTORY WAREHOUSE CORPORATION,
Defendants.

JURY TRIAL CLAIMED

## AMENDED COMPLAINT

### PARTIES

1. Plaintiff, DOUGLAS PAQUETTE, INC. ("DPI"), is a Rhode Island corporation located in Providence, Rhode Island.

2. Defendant, THE TJX COMPANIES, INC. ("TJX"), is a Delaware corporation with its headquarters in Framingham, Massachusetts. TJX has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction. TJX owns and operates T.J. MAXX, MARSHALLS, HOMEGOODS, A.J. WRIGHT, and BOB's stores in Rhode Island and throughout the United States.

3. Defendant, LIZ CLAIBORNE, INC. ("LIZ CLAIBORNE"), is a Delaware corporation with its headquarters in New York. LIZ CLAIBORNE has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction.

4. Defendant, PERRY ELLIS INTERNATIONAL, INC. ("PERRY ELLIS"), is a Florida corporation with its headquarters in Miami, Florida. PERRY ELLIS has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction.

5. Defendant, STEIN MART, INC. ("STEIN MART"), is a Florida corporation with its headquarters in Jacksonville, Florida. STEIN MART has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction.

6. Defendant, BLUE STAR WEBBING CORP. ("BLUE STAR WEBBING"), is a New York corporation with its headquarters in Garden City, New York. BLUE STAR WEBBING has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction.

7. Defendant, AMIEE LYNN, INC., ("AMIEE LYNN"), is a New York corporation with offices in New York and New Jersey. AMIEE LYNN has sufficient contacts with this forum to subject it to this court's *in personam* jurisdiction.

8. Defendant, BURLINGTON COAT FACTORY WAREHOUSE OF EAST PROVIDENCE, INC. ("Burlington Coat/East Providence"), is a Rhode Island corporation located in East Providence, Rhode Island.

9. Defendant, BURLINGTON COAT FACTORY WAREHOUSE OF JOHNSTON, INC. ("Burlington Coat/Johnston"), is Rhode Island corporation located in Johnston, Rhode Island.

10. Defendant, BURLINGTON COAT FACTORY WAREHOUSE CORPORATION ("Burlington Coat"), is a Delaware corporation with its headquarters in Burlington, New Jersey. Burlington Coat has sufficient contacts

with this forum to subject it to this court's *in personam* jurisdiction.

**JURISDICTION**

11. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, in that this matter arises under federal law. In particular, this is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and for violations of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a). This court also has supplemental jurisdiction over the related state law claims, pursuant to 28 U.S.C. § 1367.

**FACTS**

12. Plaintiff, DPI, designs, manufactures, and sells original fashion accessories, home decor items, and pet accessories.

13. Among DPI's original designs are its woven jacquard ribbon motif fabric designs, which DPI uses on belts, head bands, key chains, sandals, dog leads, dog collars, and dog harnesses.

14. DPI's original woven jacquard ribbon motif fabric designs are registered with the U.S. Copyright Office. Annexed hereto as Exhibits "A" and "B" are U.S. Copyright Certificate of Registration No. VA 1-203-163 and U.S. Copyright Registration No. VA 1-224-891.

15. Without plaintiff's permission and in violation of plaintiff's rights, defendants are selling and offering for sale in Rhode Island and elsewhere goods that imitate, copy, and infringe upon plaintiff's original, copyrighted ribbon motif fabric designs ("Infringing Goods").

16. As a direct and proximate result of defendants' acts of infringement, plaintiff has suffered damages.

17. As a direct and proximate result of defendants' acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

18. Defendants' acts of infringement have been and continue to be willful.

**COUNT I**
**(Copyright Infringement --**
**U.S. Copyright Certificate of Registration**
**No. VA 1-203-163)**

19. Paragraphs 1 through 18 are incorporated herein.

20. Defendants have infringed upon and are continuing to infringe upon the works identified in U.S. Copyright Certificate of Registration No. VA 1-203-163.

21. As a direct and proximate result of defendants' acts of infringement, plaintiff has suffered money damages.

22. As a direct and proximate result of defendants' acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

23. Defendants' acts of infringement have been and continue to be willful.

WHEREFORE, plaintiff prays for judgment in its favor and against defendants:

- for a preliminary and a permanent injunction prohibiting defendants from infringing plaintiff's copyrighted works;
- for a preliminary and a permanent injunction prohibiting defendants from making, offering for sale, or selling the

Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;

- for a preliminary and a permanent injunction ordering defendants to recall and remove from places of sale the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for an order impounding the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for preliminary and a permanent injunction ordering defendants to deliver upon oath the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for an accounting for all profits earned by defendants on the sale of the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for an award of actual damages plus the defendants' profits;
- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);
- for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;
- for such other relief as the court deems just.

<u>COUNT II</u>
(Copyright Infringement --
U.S. Copyright Certificate of Registration
No. VA 1-224-891)

24. Paragraphs 1 through 23 are incorporated herein.

25. Defendants have infringed upon and are continuing to infringe upon the works identified in U.S. Copyright Certificate of Registration No. VA 1-224-891.

26. As a direct and proximate result of defendants' acts of infringement, plaintiff has suffered money damages.

27. As a direct and proximate result of defendants' acts of infringement, plaintiff has suffered and continues to suffer irreparable harm for which there is no adequate remedy at law.

28. Defendants' acts of infringement have been and continue to be willful.

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendants:

- for a preliminary and a permanent injunction prohibiting defendants from infringing plaintiff's copyrighted works;
- for a preliminary and a permanent injunction prohibiting defendants from making, offering for sale, or selling the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for a preliminary and a permanent injunction ordering defendants to recall and remove from places of sale the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for an order impounding the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for preliminary and a permanent injunction ordering defendants to deliver upon oath the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for an accounting for all profits earned by defendants on the sale of the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for an award of actual damages plus the defendants' profits;
- for an award of statutory damages pursuant to 17 U.S.C. § 504(c);
- for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;
- for such other relief as the court deems just.

<u>COUNT III</u>
(Violation of Section 43 (a) of the Lanham Act)

29. Paragraphs 1 through 28 are incorporated herein.

30. Defendants' infringement upon plaintiff's works constitutes a false designation of origin and a false description of the goods

effecting interstate commerce in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a).

**WHEREFORE**, plaintiff prays for judgment in its favor and against defendants:

- for all remedies available under Section 43(a) of the Lanham Act;
- for a preliminary and a permanent injunction prohibiting defendants from infringing plaintiff's original works;
- for a preliminary and a permanent injunction prohibiting defendants from making, offering for sale, or selling the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for a preliminary and a permanent injunction ordering defendants to recall and remove from places of sale the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for an order impounding the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for preliminary and a permanent injunction ordering defendants to deliver upon oath the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for an accounting for all profits earned by defendants on the sale of the Infringing Goods and any other goods derived from or substantially similar to the Infringing Goods;
- for an award of actual damages plus the defendants' profits;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

COUNT IV
(Misappropriation)

31. Paragraphs 1 through 30 are incorporated herein.

32. Plaintiff has invested substantial time, effort, and money in the works described herein.

33. Defendants have appropriated the fruits of plaintiff's investment at no cost.

34. As a direct and proximate result of defendants' misappropriation, plaintiff has been injured.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendants:

- for an award of compensatory damages;
- for an award of punitive damages ;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

<u>COUNT V</u>
(Dilution)

35. Paragraphs 1 through 34 are incorporated herein.

36. Defendants' infringement upon plaintiff's original works, as described herein, causes a likelihood of injury to plaintiff's business reputation and a likelihood of dilution of the distinctive quality of plaintiff's works, in violation of plaintiff's common law rights and in violation of R.I.G.L. § 6-2-12.

**WHEREFORE**, plaintiff prays for judgment in its favor and against the defendants:

- for all remedies available under R.I.G.L. § 6-2-12.
- for an award of compensatory damages;
- for an award of punitive damages ;
- for an award of costs and attorneys' fees;
- for such other relief as the court deems just.

Plaintiff,
DOUGLAS PAQUETTE, INC.,
By Its Attorney,

Michael H. Feldhuhn (#3344)
56 Pine Street
Suite 200
Providence, Rhode Island 02903
Tel. (401) 331-6600
FAX (401) 274-2780

DATED: June 27, 2005

Plaintiff claims a trial by jury on all issues so triable.